THOMSON–HOUSTON ELECTRIC CO. v. OHIO BRASS CO. et al. (two cases).

(Circuit Court, N. D. Ohio, E. D. October 26, 1896.)

Nos. 5,510 and 5,511.

PATENT SUITS—PRELIMINARY INJUNCTIONS—PRIOR ADJUDICATIONS—APPEAL AND SUPERSEDEAS.

A court, in granting a preliminary injunction in a patent suit, followed prior decisions of other courts on the merits. *Held*, that it would also follow those courts in refusing a supersedeas on allowing an appeal.

These were two suits in equity by the Thomson-Houston Electric Company against the Ohio Brass Company and others to restrain the alleged infringement of the Van Depoele patents, Nos. 495,443 and 424,695, for electric trolley switching devices. Preliminary injunctions were heretofore granted. 78 Fed. 139. The present hearing is in relation to the granting of an appeal and supersedeas.

Betts, Hyde & Betts and Squire, Sanders & Dempsey, for complainant.

Frank T. Brown, for defendants.

RICKS, District Judge. In these two cases, the complainant's solicitors were served with notice by solicitors for the defendants that on the 1st day of October, 1896, at 10 o'clock a. m., they would apply to the court for an order superseding the injunction allowed in the opinion rendered in these cases, and for the allowance of an appeal. Solicitors for the defendants appeared at the time stated. Counsel for the complainant, through a clerk in their office, had before that time appeared and asked for information with reference to

a hearing, which the court supposed referred to the case of the Continental Trust Company against the Toledo, St. Louis & Kansas City Railroad Company. Acting upon this supposition, the court advised the representative of complainant's solicitors that the case would be heard at 11 o'clock that morning. In the meantime, solicitors for the defendants appeared, and, no one appearing for the complainant, the orders as prepared by counsel for the defendants were signed ex parte. An hour afterwards, when complainant's solicitors appeared for the hearing of the motion, the court for the first time discovered that a misunderstanding had existed, and that the inquiry to which reference is made in this opinion really referred to the hearing in these cases. In the meantime, defendants' solicitors had left the city. Thereupon the court directed that the orders be not entered upon the journal, and counsel for the defendants were thereupon notified of the mistake. Correspondence has followed, the purport of which has been to ask the court to supersede the injunction pending the appeal, with an intimation that the opinion in the cases relied upon in the opinion cited by the court were afterwards modified in the case of Thomson-Houston Electric Co. v. Kelsey Electric Railway Specialty Co. (in the United States circuit court of appeals for the Second circuit) 22 C. C. A. 1, 75 Fed. 1006. The court is perfectly willing to allow this order to be modified in the same way in which the court of appeals modified the order in the Kelsey Case; but, inasmuch as, in all the cases in the First, Second, and Third circuits, the supersedeas has been refused, and inasmuch as this court has followed the decisions of those courts upon the merits, I see no reason now why the supersedeas should be allowed.

It is claimed by the solicitor for the defendants that, as soon as the ex parte orders were approved by me, on the 1st of October, the defendants were notified that the supersedeas had been allowed, and that thereupon they made some contracts in perfect good faith before any notice was received that the orders were held for further consideration. If the defendants can show by affidavit that, acting in perfect good faith, they made bona fide contracts, and that these were made before they had notice that the orders were held, the court will grant them proper relief in some form upon proper presentation of the facts. The order allowing the appeal may be entered, but the injunction will not be superseded pending that appeal.